# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2210

_____

Laurence M. Smythe,        *
       *
         Appellant,        *
       *
       *    Appeal from the United States
     v.        *    District Court for the Eastern
       *    District of Missouri.
United States Postal Service,        *
John E. Potter, Postmaster General,        *    [UNPUBLISHED]
       *
         Appellee.        *

_____

Submitted: March 31, 2008
Filed: April 3, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Laurence M. Smythe appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action against the United States Postal Service (USPS). As relevant to this appeal, the court determined that some of Smythe's claims were time-barred because he did not bring suit on them within 90 days of receiving the Equal Employment Opportunity Commission's notice of his

_____

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

right to sue; that other allegations failed because he did not initiate the EEO process within 45 days of the conclusion of the complained-of conduct; and that Smythe had presented no argument or evidence demonstrating that waiver, estoppel, or equitable tolling applied. Smythe's sole argument is that the district court erred in failing sua sponte to hold a hearing on whether his alleged mental incapacity should have equitably tolled the limitations periods.

A plaintiff who seeks tolling for alleged mental incapacity must come forward with evidence that his condition prevented him from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll. See Jessie v. Potter, 516 F.3d 709, 715 (8th Cir. 2008). The record does not contain any such evidence. Rather, during the relevant time periods, Smythe was represented by counsel and filed a prior lawsuit, which he later dismissed without prejudice; he attended a meeting with his counsel and the USPS regarding his mental condition; and he successfully applied for disability retirement benefits. The opinions of Smythe's psychiatrist and psychologist that he was unable to return to work at USPS due to his mental condition do not show that he was unable to understand and manage his affairs generally, or that he was unable to file a timely discrimination lawsuit or a timely EEO complaint. See id. (plaintiff's evidence disproved notion that she could not manage her business, since she filed exhibits showing that she pursued her workers' compensation claim pro se and requested disability retirement from USPS).

Thus, the district court did not err in failing to hold a hearing on equitable tolling. See id. at 712, 715 (no error in entering summary judgment against plaintiff, without evidentiary hearing, on ground that she failed timely to contact EEO counselor, where there was lack of evidence of mental incapacitation, and evidence showed she actively managed her own affairs).

Accordingly, we affirm.

_____